UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

DONALD C. HODGE, JR. 1:25-cv-01912

v.

LOUISIANA SCHOOL FOR MATH, SCIENCE & THE ARTS; STEVE G. HORTON, in his individual and official capacities; JOHN DOE DEFENDANTS 1–10.

**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY RELIEF, DAMAGES, INJUNCTIVE RELIEF, AND WRIT OF MANDAMUS**

Complainant Donald C. Hodge, Jr. files this First Amended and Supplemental Complaint against the Louisiana School for Math, Science & the Arts ("LSMSA"), Steve G. Horton, and John Doe defendants. This pleading incorporates the factual allegations and claims set forth in Plaintiff's original Complaint filed in this Court. Plaintiff now unifies those pleadings into a single operative complaint and adds additional facts and causes of action based on Defendants' continuing pattern of obstruction, retaliation, and constitutional violations. Plaintiff alleges as follows:

## I. INTRODUCTION

1. This action arises from Defendants' ongoing suppression of speech, retaliation, destruction of evidence, and obstruction of access to public records. Plaintiff is a Louisiana attorney engaged in investigations of sexual abuse, institutional negligence, and administrative misconduct at LSMSA. In 2024, the Louisiana Legislature created a "lookback window" permitting survivors of child sex abuse to file civil actions until June 14, 2027. Because of this deadline and the seriousness of the allegations, Plaintiff sought to obtain and preserve evidence regarding alleged sexual harassment and retaliation at LSMSA. Defendants responded with a campaign of intimidation and the denial of public records requests, culminating in this lawsuit.

## II. PARTIES

2. Plaintiff Donald C. Hodge, Jr. is a resident of Louisiana and Colorado, and a member of the Louisiana bar. He investigates sexual-abuse claims and advocates for survivors.

3. Defendant Louisiana School for Math, Science & the Arts ("LSMSA") is a state public high school created under La. R.S. 17:1964. LSMSA is independent of the state superintendent and of all local and state education boards, except its board of directors, which serves as the local education agency and selects the school's director. LSMSA is a political subdivision of the state.

4. Defendant Steve G. Horton is the Executive Director of LSMSA and the custodian of records. He is sued in his individual and official capacities.

5. John Doe Defendants 1–10 are LSMSA employees or agents who participated in or ratified the unconstitutional conduct described herein. Their true names are unknown to Plaintiff and will be substituted once identified through discovery.

## III. JURISDICTION AND VENUE

6. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff asserts claims arising under the First and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for Plaintiff's state-law claims, including the Louisiana Constitution and Public Records Law. Venue is proper in the Western District of Louisiana under 28 U.S.C. § 1391(b) because a substantial part of the events occurred in this district.

## IV. FACTUAL ALLEGATIONS

A. Investigations into Sexual Abuse and Preservation of Evidence

7. In 2024, Louisiana enacted legislation providing a cause of action for survivors of childhood sexual abuse, opening a “lookback window” through June 14, 2027. Plaintiff began investigating reports of sexual harassment at LSMSA, including allegations that named staff members abused students and that administrators covered it up. Plaintiff contacted LSMSA’s Board of Directors to ensure that evidence would be preserved.

8. On November 22, 2024, Plaintiff sent a letter to LSMSA’s Board Chair and administrators directing them to preserve all records, recordings, emails, text messages, and other media relating to Thorn LaCaze and to the school’s response. Plaintiff informed the board that the new Louisiana law on child-abuse lawsuits applied to LSMSA and warned that destruction of evidence is a crime. He referenced prior litigation in which Executive Director Steve Horton had destroyed evidence. Plaintiff urged the board to fulfill its fiduciary duty to protect survivors and informed them that a lawsuit would be filed. (Exhibit A)

9. Plaintiff also corresponded with LSMSA faculty and administrators regarding the preservation letter. In particular, on November 22, 2024, he sent an email to Dr. Vickie Gentry (board chair), NSU President Marcus Jones, Louisiana Board of Elementary and Secondary Education member Tana Luther, LSMSA faculty representative Dr. Kyle Stephens, and others. Plaintiff attached his preservation letter and a copy of a federal report and recommendation in the Barker v. LSMSA litigation (discussed below) that sanctioned LSMSA for destroying evidence. He requested that they distribute the letter and preserve all relevant records. Plaintiff further advised Dr. Key (a faculty member implicated in the Barker case) that this notice applied to her as well and reminded her of her past destruction of evidence. (Exhibit B)

B. Dr. Horton’s December 2, 2024, Directive to Faculty and Staff

10. On December 2, 2024, in response to Plaintiff’s preservation demand, Executive Director Steve Horton issued a mass email to the entire LSMSA faculty and staff. In the email (attached

as Exhibit C), Horton wrote, "Some of you may have received communication(s) from attorney Donald Hodge, Jr. LSMSA, through its Board of Directors, is represented by Wayne T. Stewart. Should you receive any communications at any time from any attorney distributing information to you or seeking information from you, please send that communication to my attention immediately so that I can share with Mr. Stewart. As a represented party, you have NO obligation whatsoever to communicate with or respond to Mr. Hodge or any other attorney who does not represent LSMSA's interests." Horton copied the school's outside counsel and directed employees to forward any communications from Plaintiff.

11. Horton's directive created institutional pressure and fear, discouraging employees from speaking with Plaintiff about matters of public concern, including sexual abuse. It misled employees into believing that LSMSA's counsel represented them individually and that they could not lawfully communicate with Plaintiff. Horton's email was an unconstitutional prior restraint and retaliation for Plaintiff's protected speech and petition activity, as recognized in Supreme Court precedent holding that government officials may not impose informal prior restraints that chill speech.

C. Evidence of Retaliation and Cover-Up – The Barker Litigation

12. Plaintiff's investigations and preservation demand were informed by the federal litigation Barker v. Louisiana School for Math, Science & the Arts, Civ. No. 1:21-cv-04419 (W.D. La.). In that case, former LSMSA employee Dr. Justin Barker alleged that he was sexually harassed by his supervisor, Dr. Key, and that Dr. Horton retaliated by not renewing his contract when he complained. Barker asserted claims under Title VII, Title IX, and § 1983.

13. During discovery, the court found that LSMSA and Horton had destroyed evidence. In a March 8, 2024, report and recommendation, the Court concluded that LSMSA deleted Horton's text messages for December 14–15, 2022, with the intent to conceal the messages, shredded

investigatory notes concerning Barker's complaints, and instructed employees how to testify. The court recommended granting Barker's motion for sanctions, including an adverse inference that Horton instructed employees to testify according to his wishes and that the shredded notes showed LSMSA's HR investigation found Barker was sexually harassed and terminated in retaliation. The court also recommended that LSMSA provide a complete, unredacted disclosure of Horton's cell-phone records. (*Barker vs. LSMSA*; Louisiana Western District Case No. 1:21-cv-04419). These findings underscore the importance of Plaintiff's investigations and the need for transparency.

D. First Public-Records Request and LSMSA's Refusal

14. On November 5, 2025, Plaintiff submitted a public-records request to LSMSA seeking documents related to LSMSA Board governance and performance evaluations of the Executive Director. He requested the names and titles of participants, documents reviewed, emails, meeting materials, and legal opinions. Plaintiff's request concerned "Agenda Item 8" from the LSMSA Board's June 16, 2025, meeting. Plaintiff sought to determine whether the board was properly evaluating Horton, given the sexual-harassment allegations.

15. LSMSA refused to produce any responsive documents not already produced publicly. In a November 13, 2025, letter, LSMSA's counsel claimed that all responsive records were exempt because they related to Horton's personnel evaluation and were discussed in executive session in violation of the Louisiana Constitution, Open Meetings Law, and Public Records Law.

16. Plaintiff filed suit to compel LSMSA to produce the records. In his original complaint, he asserted claims for a First Amendment prior restraint, a First Amendment retaliation claim, declaratory relief, and a writ of mandamus under La. R.S. 44:35, and damages.

E. Second Public-Records Request and Fee-Waiver Request

17. On November 7, 2025, Plaintiff submitted a second public-records request seeking all LSMSA communications referencing "Donald Hodge," "Donald C. Hodge, Jr.", "Barker", "Justin Barker," "lawsuit," "litigation," "complaint," "grievance" (the "second request"). Plaintiff narrowed the search terms to reduce the burden, but this also failed to result in the production of responsive records.

18. On December 17, 2025, Plaintiff wrote to LSMSA regarding the second request and a related request involving Faculty Representative Dr. Kyle Stephens. Plaintiff stated that the search terms "Barker" and "Justin Barker" were essential to his investigation because they pertained to retaliation against a whistle-blower. Plaintiff explained that he could not further narrow the search and requested a fee waiver under La. R.S. 44:32(C)(2)(a) on the ground that his use of the records would be limited to a public purpose (presentation to a pending governmental agency investigation). He reminded LSMSA that a custodian may make only limited inquiries and may deny access only after reasonable attempts to narrow a request. He also noted that if any record contains non-public material, LSMSA must separate and produce the public portions.

19. In a December 18, 2025, letter, LSMSA's counsel denied Plaintiff's fee-waiver request and refused to process the "Barker" and "Justin Barker" searches. LSMSA claimed that the search produced 1,572 records and would substantially disrupt operations. LSMSA denied the request pursuant to La. R.S. 44:32(A)(2) and insisted that a waiver under La. R.S. 44:32(C)(2)(a) was discretionary and unwarranted. LSMSA again produced no records and did not provide a privilege log. (Exhibit E)

F. Continued Retaliation and Obstruction

20. Defendants' refusal to produce public records and their denial of a fee waiver form part of a pattern of retaliation and obstruction. LSMSA's actions impede Plaintiff's ability to investigate sexual-abuse claims, gather evidence for litigation, and petition government agencies. Combined

with Horton's mass directive and these acts show a concerted effort to suppress whistle-blowing and shield LSMSA from accountability.

## V. <u>CLAIMS FOR RELIEF</u>

Plaintiff incorporates the factual allegations above and asserts the following causes of action. Each count is pled in the alternative.

Count 1: First Amendment Prior Restraint (42 U.S.C. § 1983)

21. Defendants' December 2, 2024, directive discouraged LSMSA employees from speaking with Plaintiff and instructed them to forward any communication to Horton. The directive constituted an informal prior restraint, suppressing speech and preventing the Plaintiff from gathering information. This restraint was not narrowly tailored to serve a compelling interest. It violated the First Amendment's prohibition on prior restraints. Defendants acted under color of state law and are liable under § 1983.

Count 2: First Amendment Retaliation (42 U.S.C. § 1983)

22. Plaintiff engaged in protected speech and petition activity by investigating sexual abuse, communicating with LSMSA employees, and requesting public records. Defendants retaliated by issuing a mass directive instructing employees not to communicate with Plaintiff, destroying evidence, refusing to comply with public-records requests, and denying fee waivers. These actions would deter a person of ordinary firmness from continuing to engage in protected activity. Defendants' retaliation violated the First Amendment.

Count 3: Violation of Louisiana Constitution Article I §§ 7 & 9 (Freedom of Speech and Petition)

23. Article I, § 7 of the Louisiana Constitution provides that no law shall curtail or restrain the freedom of speech or press and that every person may speak, write, and publish his sentiments on any subject. Article I, § 9 provides that no law shall impair the right of any person to assemble peaceably or to petition the government for redress of grievances. Defendants' actions, including the mass directive and refusal to produce public records, curtail Plaintiff's speech and impair his right to petition the government. Defendants acted under color of state law in violation of these constitutional provisions. Plaintiff seeks declaratory and injunctive relief and damages under Louisiana law.

Count 4: Declaratory Judgment (28 U.S.C. § 2201)

24. An actual controversy exists regarding the constitutionality of Defendants' policies and practices and their compliance with the Louisiana Public Records Law. Plaintiff seeks a declaration that Defendants' conduct violates his rights under the First Amendment, the Fourteenth Amendment, the Louisiana Constitution, and the Louisiana Public Records Law.

Count 5: Preliminary and Permanent Injunction

25. Plaintiff will suffer irreparable harm absent injunctive relief because the lookback window for child-sex-abuse claims closes on June 14, 2027, and Defendants' conduct is preventing him from gathering evidence necessary to file and support claims through the denial of public records requests. Plaintiff satisfies the factors for a preliminary and permanent injunction under *Winter v. NRDC*, 555 U.S. 7 (2008). He seeks to enjoin Defendants from enforcing the December 2, 2024, directive and from withholding public records, and to compel Defendants to preserve evidence.

Count 6: Violation of Louisiana Public Records Law (First Request)

26. Plaintiff submitted a public-records request on November 5, 2025, seeking records related to Agenda Item 8 and the evaluation of Steve Horton. LSMSA denied the request in violation of the Louisiana Constitution (art. XII § 3), the Public Records Law (La. R.S. 44:1–44:41), and the Open Meetings Law. La. R.S. 44:32(A)(1) requires the custodian to present public records to any person without inquiring into the purpose. La. R.S. 44:32(B) requires the custodian to separate non-public material and produce the public portions. Defendants failed to do so. Plaintiff seeks a writ of mandamus under La. R.S. 44:35 to compel production and to recover attorney fees and penalties.

Count 7: Violation of Louisiana Public Records Law (Second Request)

27. Plaintiff submitted a second public-records request on November 13, 2025, and further clarified it on December 17, 2025. LSMSA denied the request on December 18, citing that it would substantially disrupt operations and refused to grant a fee waiver. Under La. R.S. 44:32(A)(2), the custodian may deny access only after reasonable attempts to narrow or specify the request. Plaintiff had already narrowed the search terms and time frame. La. R.S. 44:32(C)(2)(a) permits state agencies to waive or reduce copying fees when the requester's use is limited to a public purpose. Plaintiff explained that he sought the records for use before a governmental agency, yet LSMSA arbitrarily denied the waiver. LSMSA again failed to separate public and non-public material. Plaintiff seeks a writ of mandamus ordering LSMSA to produce responsive records, waive or reduce fees, provide a privilege log, and pay attorney fees and civil penalties.

Count 8: Violation of First Amendment Right to Petition and Access to Information (42 U.S.C. § 1983)

28. Defendants' refusal to produce public records, insistence on narrowing requests, and denial of fee waivers significantly burden Plaintiff's ability to gather information and to petition

government agencies on matters of public concern, including sexual abuse at LSMSA. The First Amendment protects the right to petition and the right to receive information necessary to engage in effective advocacy. Defendants' conduct is not justified by any compelling interest and constitutes an unconstitutional burden on Plaintiff's First Amendment rights.

Count 9: Due Process Deprivation (Fourteenth Amendment and Louisiana Constitution art. I § 2)

29. Plaintiff has a statutorily protected interest in accessing public records and a liberty interest in engaging in protected speech and petition activities. Defendants deprived Plaintiff of these interests without due process by arbitrarily denying his requests, failing to follow the procedures outlined in La. R.S. 44:32. Article I, § 2 of the Louisiana Constitution provides that no person shall be deprived of life, liberty, or property except by due process of law. Defendants' conduct violates both state and federal due-process protections.

## VI. <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants as follows:

1. A declaration that Defendants' December 2, 2024, directive violates the First Amendment and the Louisiana Constitution.

2. A declaration that Defendants' refusal to produce public records and their denial of fee waivers violate the Louisiana Public Records Law, the Louisiana Constitution, and the First and Fourteenth Amendments.

3. Preliminary and permanent injunctions prohibiting Defendants from enforcing the December 2, 2024, directive, and compelling Defendants to produce all non-exempt records

responsive to Plaintiff's requests, directing Defendants to preserve evidence, and requiring Defendants to waive or reduce copying fees consistent with La. R.S. 44:32(C)(2)(a).

4. Writs of mandamus ordering Defendants to produce the records sought in Plaintiff's November 5, 2025, and November 13/December 17, 2025, public-records requests and to provide privilege logs.

5. Compensatory damages against all Defendants for the violation of Plaintiff's constitutional rights and for the harm caused by the delay in accessing public information.

6. Punitive damages against Defendant Horton for willful and malicious conduct, including issuing a retaliatory directive and destroying evidence.

7. Attorney fees and costs under 42 U.S.C. § 1988 and La. R.S. 44:35(D).

8. Civil penalties under La. R.S. 44:35(E) for arbitrary and capricious withholding of public records.

9. Such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Donald C. Hodge, Jr.
Plaintiff; LSB#29251
Box 481
Westminster, Colorado 80036
attorneydonaldhodge@gmail.com
Voice: 225-800-7124 | Facsimile: 888-297-2959